

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 15, 1968

Mr. J. C. Dingwall
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. M-290

Re: Whether combines may be
transported on vehicles
issued a temporary agri-
cultural permit under
Article 827b, Section 2A,
Vernon's Penal Code.

Dear Mr. Dingwall:

Your recent opinion request concerning the above matter
is quoted in part:

"Under the provisions of Section 2A,
Article 827b, Vernon's Penal Code, the
Department is authorized to prescribe the
form of application and the information to
be furnished in connection with the issuance
of temporary agricultural vehicle registration
permits. The Department also prepares and
distributes numerous booklets and pamphlets
regarding authorized use of the various
registration permits.

"In order to uniformly prepare these forms
and information materials and to aid other
pertinent agencies in the enforcement of this
Act, it is respectfully requested that your
office render an official opinion [on the
above-captioned question.]"

We assume the term "combine" refers to a machine
designed for use in cutting and threshing ripe standing
grain and seed such as wheat, and this opinion is written
under that assumption.

The first paragraph of Section 2A, Article 827b,
Vernon's Penal Code, was last amended by Act 1965, 59th
Leg., p. 479, ch. 243, which presently reads as follows:

"To expedite and facilitate, during the
harvesting season, the harvesting and market-
ing of wheat, oats, rye, barley, grain sorghums,
flax, rice, cotton; vegetables in bulk, field

- 1407 -

> crates, or bags, produced in the State, the
> Department is authorized to issue to a non-
> resident owner a 30-day temporary registra-
> tion permit for any truck, truck-tractor,
> trailer or semi-trailer <u>to be used in the
> movement of such farm commodities from the
> place of production to market, storage or
> railhead</u>, not more than seventy-five (75)
> miles distant from such place of production."
> (Emphasis added).

The second paragraph of Section 2A authorizes issuance
of 30-day temporary registration permits to non-residents
<u>for movement of such farm products produced outside of
Texas</u> but marketed or processed in Texas or moved to points
in Texas for shipment but only within eighty (80) miles
from such point of entry into Texas.

It seems clear that Section 2A was enacted to facilitate
movement of only the enumerated agricultural commodities
from the place of production to market, storage, etc., upon
a temporary registration permit and was not intended to
facilitate the transportation of agricultural equipment
such as combines. Therefore, we answer your question in the
negative.

Although Article 827b is a registration statute only and
regulation thereof lies in the various law enforcement agencies
rather than in the State Highway Department, nevertheless
under Section 2A of Article 827b, the form of application to
be promulgated for a temporary registration permit and the
information to be required of the applicant are matters placed
within the wise discretion of the State Highway Department.
That Department may, therefore, under the present law, require
the applicant to furnish information whether or not he intends
to transport other than the enumerated agricultural commodities
under such a temporary permit. This office has heretofore
held that whether such information may be required of an
applicant is a matter entirely within the discretion of the
State Highway Department. Attorney General's Opinion No.
C-61 (1963).

The last paragraph of said Section 2A provides:

> "Nothing in this Act shall be construed to
> authorize such nonresident owner or operator to
> operate or cause to be operated any of such

vehicles in this State in violation of Acts,
1929, Forty-first Legislature, Chapter 314,
as amended (Article 911b, Vernon's Civil Statutes)
or any of the other laws of this State."

Consequently, this opinion shall apply only to the registration of motor vehicles, and it is not intended herein to construe or interpret the transportation of commodities for compensation or hire under the Texas Motor Carrier Act.

### S U M M A R Y

Only the agricultural commodities enumerated
in Section 2A of Article 827b, V.P.C., may be
transported on vehicles issued a temporary
agricultural permit thereunder. That Act
was not intended to facilitate the transportation of agricultural equipment, such as
combines, but for use in the movement of farm
commodities.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Scott Garrison
Jack Goodman
Richard Chote
Bob Lattimore

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.